MYLES S. BREINER 4364
SEAN FITZSIMMONS 10693
ANDREW STRAND 10323
Law Office of Myles S. Breiner & Associates
1003 Bishop Street, Suite 2150
Honolulu, Hawaii 96813
Telephone: (808) 526-3426
Facsimile: (808) 521-7680
myles@breinerlaw.net
Attorneys for Defendant
IGOR MYKHAYLOVYCH LYTVYNCHUK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IGOR MYKHAYLOVYCH LYTVYNCHUK,<br><br>Defendant. | Case No. CR26-00439 RT<br><br>**DEFENDANT'S FIRST MOTION TO CONTINUE TRIAL**; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE |

**DEFENDANT'S FIRST MOTION TO CONTINUE TRIAL**

Defendant IGOR MYKHAYLOVYCH LYTVYNCHUK by and through undersigned counsels hereby requests to continue the November 16, 2026, initial trial week in this matter.

This Motion is submitted pursuant to the attached Declaration of Counsel, the records and files herein, and any and all evidence and argument to be adduced at a hearing on this Motion.

//

DATED: Honolulu, Hawaii, September 28, 2026.

*/s/ Myles S. Breiner*
MYLES S. BREINER
SEAN FITZSIMMONS
ANDREW STRAND
Attorneys for Defendant
IGOR MYKHAYLOVYCH LYTVYNCHUK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IGOR MYKHAYLOVYCH LYTVYNCHUK,<br><br>Defendant. | Case No. CR26-00439 RT<br><br>**DECLARATION OF COUNSEL** |

**DECLARATION OF COUNSEL**

I, MYLES S. BREINER ("Declarant"), declare under penalty of law that the following is true and correct to the best of my information and belief:

1. I am an attorney duly licensed to practice law in the United States District Court for the District of Hawaii.
2. My law firm represents Defendant IGOR MYKHAYLOVYCH LYTVYNCHUK ("Defendant") in this matter.
3. Trial is presently scheduled for the week of November 16, 2026.
4. This is Defendant's first request to continue trial.
5. Defendant respectfully requests that the presently scheduled November 16, 2026, trial be continued to a date in 2027 convenient to the Court and the parties.
6. The requested continuance is necessary for several independent and cumulative reasons, including an unavoidable out-of-state professional

conflict involving undersigned counsel, the need to pursue material third-party evidence from Delta Air Lines pursuant to Federal Rule of Criminal Procedure 17(c), outstanding federal Freedom of Information Act ("FOIA") requests, outstanding State of Hawaii Uniform Information Practices Act ("UIPA") requests, and the need to investigate and prepare potentially case-dispositive pretrial motions.

7. First, Declarant has an unavoidable professional conflict with the presently scheduled November 16, 2026, trial date.

8. During the presently scheduled trial period, Declarant will be required to be in San Francisco, California, assisting an attorney from the United States Department of Justice in Washington, D.C., in preparing for trial in a separate nationwide federal criminal prosecution involving alleged Veterans Affairs benefits fraud.

9. Declarant has been personally and substantially involved in investigating and preparing Defendant's defense in this case. Continuing the presently scheduled trial date will preserve Defendant's continuity of counsel and permit the attorneys who have investigated and developed Defendant's defense to continue that representation through trial.

10. Second, material third-party evidence directly related to the allegations against Defendant remains outstanding.

11. Defendant traveled from Seattle, Washington, to Kahului, Maui, aboard Delta Air Lines shortly before the alleged May 5, 2026, incident underlying this prosecution.

12. The Government has produced to the defense an Alaska Airlines/Hawaiian Airlines video advisory concerning Hawaiian wildlife and/or Hawaiian monk seals.

13. Defendant, however, did not fly Alaska Airlines or Hawaiian Airlines from Seattle to Maui. Defendant flew Delta Air Lines.

14. On September 28, 2026, the Government represented to the defense that it does not possess records from Delta Air Lines concerning any information, announcements, advisories, videos, or other materials that may have been presented or made available to Defendant aboard his Delta flight.

15. Accordingly, the Government's production of an Alaska Airlines/ Hawaiian Airlines advisory does not establish what information, if any, was actually communicated or made available to Defendant before he arrived on Maui.

16. Defendant intends to file a motion pursuant to Federal Rule of Criminal Procedure 17(c) seeking authorization to serve a subpoena duces tecum upon Delta Air Lines.

17. The contemplated subpoena will seek narrowly tailored records concerning Defendant's actual Delta flight from Seattle to Maui, including

any announcements, audiovisual materials, destination advisories, passenger communications, or other records establishing whether passengers were provided information concerning Hawaiian monk seals, endangered or protected species, marine mammals, or restrictions upon interactions with protected Hawaiian wildlife.

18. These records are material to Defendant's preparation of his defense, including the circumstances bearing upon Defendant's knowledge, intent, and state of mind at the time of the alleged incident.

19. Defendant and Declarant need additional time to draft and file the Rule 17(c) motion, obtain the Court's ruling, serve the subpoena if authorized, provide Delta a reasonable opportunity to respond, review the responsive materials, investigate their authenticity and evidentiary foundation, and determine how those materials affect Defendant's pretrial motions and trial defense.

20. These steps cannot reasonably be completed before the presently scheduled November 16, 2026, trial.

21. Third, Defendant has outstanding requests for governmental records that are material to an additional and potentially case-dispositive constitutional issue.

22. Defendant has outstanding UIPA requests directed to the State of Hawaii Department of the Attorney General and the State of Hawaii Department of Land and Natural Resources ("DLNR") concerning prior Hawaiian

monk seal investigations, enforcement actions, referrals, prosecutions, and dispositions.

23. Defendant also has outstanding FOIA requests directed to the United States Department of Justice and the National Oceanic and Atmospheric Administration ("NOAA") seeking records concerning Hawaiian monk seal investigations, enforcement actions, criminal referrals, prosecutions, charging decisions, declinations, warnings, civil or administrative resolutions, and other dispositions during the preceding ten years.

24. The defense is pursuing these records to investigate whether similarly situated persons accused of comparable conduct involving Hawaiian monk seals were treated differently from Defendant and to determine whether the facts support a motion seeking selective-prosecution discovery and/or dismissal.

25. A selective-prosecution claim implicates Defendant's constitutional right to equal protection and requires consideration of whether the challenged prosecutorial decision had a discriminatory effect and was motivated by a discriminatory purpose. *See United States v. Armstrong*, 517 U.S. 456, 464–65 (1996).

26. The defense recognizes that the evidentiary threshold governing selective-prosecution discovery and relief is substantial. That demanding standard makes it particularly important that Defendant have a reasonable

opportunity to obtain and analyze available comparator and enforcement evidence before being required to litigate the issue.

27. Defendant does not presently ask this Court to decide the merits of any selective-prosecution claim. Rather, Defendant seeks sufficient time to obtain the requested governmental records, analyze the treatment of potentially similarly situated persons, conduct appropriate follow-up investigation, and determine and develop the factual basis for any resulting motion.

28. The timing of the responses from DOJ, NOAA, the State of Hawaii Attorney General, and the State of Hawaii DLNR is substantially outside Defendant's and Declarant's control.

29. Defendant and Declarant nevertheless have diligently pursued these sources of evidence and should not be forced to proceed to trial before having a reasonable opportunity to obtain and review the requested governmental records.

30. Defendant and Declarant will require additional time after receiving responsive records to review and digest the materials, identify potentially similarly situated comparator matters, conduct any necessary follow-up investigation, and draft and file appropriate pretrial motions.

31. Declarant further notes that the Speedy Trial Act ("STA") provides that the Court may continue trial when the "ends of justice" served by granting

the continuance outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

32. The STA further provides that the factors to be considered in determining whether to grant an ends-of-justice continuance include: (i) whether failure to grant the continuance would be likely to result in a "miscarriage of justice"; (ii) whether the case presents unusual or complex factual or legal issues such that adequate preparation within the existing schedule would be unreasonable; and (iii) whether failure to grant the continuance would deny Defendant continuity of counsel or deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv).

33. Section 3161(h)(7)(B)(iv) is particularly applicable here because Congress expressly directed courts to consider whether denying a continuance "would unreasonably deny the defendant … continuity of counsel" or "would deny counsel for the defendant … the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

34. Declarant also notes that "[a] district court is afforded 'broad discretion' in determining whether to grant or deny a motion for continuance." *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985).

35. In reviewing the denial of a requested continuance, the Ninth Circuit considers: (1) the defendant's diligence in preparing the defense; (2) whether the continuance would serve a useful purpose; (3) the inconvenience that granting the continuance would cause the Court, Government, witnesses, and parties; and (4) the prejudice that the defendant would suffer if the continuance were denied. *Flynt*, 756 F.2d at 1359; *United States v. Mejia*, 69 F.3d 309, 314–16 (9th Cir. 1995).

36. Each of these considerations supports Defendant's request.

37. First, Defendant and Declarant have diligently engaged in preparing Defendant's defense.

38. The defense has reviewed the Government's discovery, identified the absence of Delta-specific records, communicated with the Government concerning those records, determined that the Government does not possess them, prepared to pursue compulsory third-party process under Rule 17(c), and submitted or pursued governmental-record requests to the agencies reasonably believed to possess evidence concerning prior Hawaiian monk seal investigations and enforcement actions.

39. The need for additional time is therefore not the product of neglect, lack of preparation, or a desire merely to delay trial. The defense is actively pursuing specifically identified evidence from specifically identified sources.

40. Second, granting this request for a continuance will serve a substantial and concrete purpose.

41. A continuance will permit Defendant to obtain and evaluate evidence from Delta Air Lines concerning what information was actually communicated to Defendant before his arrival in Hawaiʻi.

42. It will also permit Defendant to obtain and evaluate governmental records potentially relevant to the treatment of similarly situated persons and the viability of a selective-prosecution challenge.

43. It will further permit Defendant to file and litigate necessary and potentially case-dispositive pretrial motions before the parties and Court undertake the substantial burden and expense of trial.

44. The requested continuance therefore will not merely afford counsel additional generalized preparation time. It will provide the time necessary to obtain specifically identified evidence and litigate specifically identified pretrial issues.

45. Third, Defendant recognizes that continuing a scheduled trial inevitably causes some calendaring inconvenience to the Court, Government, and witnesses.

46. That inconvenience should be comparatively limited here. This is Defendant's first request to continue trial, and the request is being made approximately seven weeks before the presently scheduled November 16, 2026, trial date rather than on the eve of trial.

47. Any resulting inconvenience does not outweigh Defendant's constitutional rights to due process, continuity of counsel, effective assistance of counsel, meaningful pretrial investigation, and a fair trial.

48. Fourth, Defendant will suffer substantial and concrete prejudice if the requested continuance is denied.

49. If required to proceed to trial on November 16, 2026, Defendant may be forced to trial before obtaining evidence from the airline on which he actually traveled, notwithstanding that the Government has introduced an advisory from airlines on which Defendant did not travel.

50. Defendant may likewise be forced to trial before obtaining governmental records necessary to investigate whether similarly situated persons were treated differently and before having a meaningful opportunity to prepare and litigate a potentially case-dispositive constitutional motion.

51. Where denial of a continuance prevents a defendant from obtaining or presenting specific evidence potentially supportive of the defense, the resulting prejudice weighs substantially in favor of granting additional time. *See Mejia*, 69 F.3d at 316–17.

52. Proceeding under these circumstances would place Defendant in the untenable position of choosing between the presently scheduled trial date and the opportunity to complete material defense investigation and litigate potentially dispositive pretrial issues.

53. The Speedy Trial Act does not require that result. To the contrary, Section 3161(h)(7)(B)(iv) expressly permits additional time where necessary for continuity of counsel and effective preparation despite the exercise of due diligence.

54. An additional consideration also supports the requested continuance.

55. This prosecution has generated substantial public attention and unusually hostile public reaction.

56. Defendant, his counsel, and/or counsel's law firm have received harassment and death threats arising from this case.

57. The frequency and intensity of those communications appear to be diminishing with the passage of time and as the alleged incident becomes more temporally remote.

58. Defendant does not rely upon public hostility as the principal basis for this Motion, nor does Defendant seek an indefinite continuance in the hope that all public awareness of this prosecution will disappear.

59. Nevertheless, the apparent reduction in hostility with the passage of time provides an additional fair-trial consideration supporting the finite continuance otherwise independently justified by counsel's professional conflict, the outstanding Delta evidence, outstanding governmental-record requests, and necessary pretrial motion practice.

60. Defendant is constitutionally entitled to trial before a fair and impartial jury. Allowing the intense public passions surrounding this prosecution

additional time to subside will further, rather than undermine, that fundamental interest.

61. Based upon all of these circumstances, it would be a miscarriage of justice and unreasonable to require Defendant and Declarant to be ready for trial on November 16, 2026.

62. The interests of justice will not be served by forcing Defendant to trial before his counsel can complete material third-party investigation, obtain outstanding governmental records, investigate potentially similarly situated cases, and prepare and litigate potentially case-dispositive pretrial motions.

63. Denial of a reasonable continuance under these circumstances would substantially prejudice Defendant's ability to prepare and present his defense and implicate his rights to due process, effective assistance of counsel, continuity of counsel, and a fair trial.

64. Conversely, granting Defendant's first request for a reasonable continuance will permit the defense to complete identified investigative tasks, litigate appropriate pretrial motions, preserve continuity of counsel, and ensure that, if this matter proceeds to trial, it does so on a properly developed factual and legal record.

65. Defendant therefore respectfully submits that the ends of justice served by granting the requested continuance outweigh the best interests of the

public and Defendant in proceeding to trial on November 16, 2026. 18 U.S.C. § 3161(h)(7)(A).

66. Defendant requests that trial be continued to a date in 2027 that provides sufficient time to complete the foregoing investigation and pretrial litigation and that the resulting period of delay be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A).

67. Defendant, through Declarant, further requests that the Court reopen and extend the pretrial motions filing deadline so that Defendant may file the Rule 17(c) motion, any motion concerning selective prosecution, and any other pretrial motions arising from the outstanding investigation and discovery.

68. Defendant understands that the requested continuance will result in exclusion of time under the Speedy Trial Act if the Court makes the findings required by 18 U.S.C. § 3161(h)(7)(A), and Defendant consents to and affirmatively requests the continuance.

69. The Government, on September 24, 2026, informed the defense and the Court that it objects to moving the November 16, 2026, trial week.

70. Again, regarding this Motion, Declarant highlights: (a) that Declarant and Defendant have diligently engaged in readying Defendant's defense prior to the date set for trial; (b) the granting of this Motion will serve a useful purpose; (c) the district court, the parties, and the witnesses, will not be significantly inconvenienced by the granting of this Motion; and

(d) Defendant will suffer extreme prejudice from the denial of this Motion. *Flynt*, 756 F.2d at 1359; *United States v. Mejia*, 69 F.3d 309, 314-316 (9th Cir. 1995).

a. Since assuming representation of Defendant in this matter, Declarant has been diligent in reviewing the discovery in this case and has been taking action to ready Defendant's defense.

b. A continuance is further necessary due to the complexity of this case. A continuance will be "useful" because it will allow Defendant to file necessary and potentially case dispositive pretrial motions. This will protect Defendant's due process rights as well.

c. Declarant and Defendant understand that a continuance will cause potential calendaring inconvenience for the Court, and may inconvenience the Government and its witnesses, but the same should not override Defendant's constitutional rights.

71. Further Declarant sayeth naught.

EXECUTED AT: Honolulu, Hawaii, September 28, 2026.

*/s/ Myles S. Breiner*
MYLES S. BREINER