IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IGOR MYKHAYLOVYCH LYTVYNCHUK,<br><br>Defendant. | Cr. No. 26-00049 RT<br><br>**ORDER GRANTING EX PARTE MOTION FOR RULE 17(c) SUBPOENA DUCES TECUM TO DELTA AIR LINES, INC.;** SCHEDULE "A" |

**ORDER GRANTING EX PARTE MOTION FOR RULE 17(c) SUBPOENA DUCES TECUM TO DELTA AIR LINES, INC.**

Having considered the records and files herein, and Defendant Igor Mykhaylovych Lytvynchuk's Ex Parte Motion for Rule 17(c) Subpoena Duces Tecum to Delta Air Lines, Inc. ("Defendant's Motion"), filed on October 7, 2026, and the Declaration of Counsel, Memorandum in Support, **Exhibits "A"** and **"B"** and **Schedule "A"**, attached thereto, the Court notes that Defendant asks the Court to authorize issuance of a subpoena duces tecum requiring Delta Air Lines, Inc. ("Delta") to produce narrowly tailored records concerning Delta Flight 344 from Seattle, Washington (SEA), to Kahului, Maui, Hawaii (OGG), on April 28, 2026, including records concerning whether passengers aboard that flight were presented with notices, advisories, announcements, or audio/video content concerning Hawaiian monk seals or protected Hawaiian wildlife.

## I. DISCUSSION

Federal Rule of Criminal Procedure 17(c) authorizes a subpoena to command production of designated documents, data, or other objects and permits the Court to direct production before trial. Under *United States v. Nixon*, 418 U.S. 683, 699-700 (1974), pretrial production is appropriate where the requested materials are evidentiary and relevant, are not otherwise procurable in advance of trial through due diligence, are needed in advance of trial for adequate preparation, and are sought in good faith rather than as a fishing expedition. *Nixon* also requires an adequate showing of relevancy, admissibility, and specificity.

The Court finds that Defendant's request satisfies Rule 17(c) and *Nixon*. The request is limited to a single identified Delta flight, a single date, a specific route, and a defined subject matter bearing on whether Defendant received any Delta-provided notice or advisory concerning Hawaiian monk seals and protected Hawaiian wildlife before the alleged May 5, 2026, incident. The requested records are maintained, if at all, by Delta and are not otherwise reasonably procurable by Defendant. Advance production will permit counsel to evaluate the records, address authentication and evidentiary issues, and prepare for trial without unnecessary disruption.

The Court further finds that the request is made in good faith and is sufficiently specific. It does not authorize general discovery from Delta. It authorizes only the categories of records identified in **Schedule "A"** attached to Defendant's Motion and incorporated herein and attached hereto.

## II. CONCLUSION

Accordingly, Defendant's Ex Parte Motion for Rule 17(c) Subpoena Duces Tecum to Delta Air Lines, Inc., filed on October 7, 2026, is GRANTED. Defendant is authorized to issue and serve a subpoena duces tecum upon Delta Air Lines, Inc., Custodian of Records, commanding production of the records identified in **Schedule "A"** to Defendant's Motion, and attached hereto, at a time and place consistent with Federal Rule of Criminal Procedure 17(c) and this Order.

The subpoena shall not be construed to require production of materials outside the categories identified in **Schedule "A"**. Delta may produce responsive records electronically. Any motion to quash or modify the subpoena shall be governed by Rule 17(c).

**IT IS SO ORDERED:**

DATED: October 7, 2026, at Honolulu, Hawaii.

Rom A. Trader
United States Magistrate Judge